UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

    Plaintiff,

v.

GUNDUMOLGULA ET AL.,

    Defendants.

No. 2:13-cv-00667-MCE-CKD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Defendant Emirates Airlines' ("Emirates") motion to dismiss came on regularly for hearing July 10, 2013. Plaintiff appeared in propria persona. Scott Lantry appeared for Emirates. No appearance was made for the remaining defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiff asserts that on October 17, 2009 she purchased an airline ticket for her mother for carriage on defendant Emirates Airlines through defendant travel agency Sheen Travel for $634. Plaintiff further alleges that on October 29, 2009 plaintiff's mother underwent ear surgery and was under medical instructions not to fly. Plaintiff sought a total refund, asserting that Emirates' refund policy waived any penalty fees in case of family illness. After allegedly faxing a doctor's letter certifying the instruction not to fly to Emirates and exchanging emails with the travel agency, plaintiff's refund was never issued.

1

Plaintiff's initial complaint, filed in California Superior Court on October 12, 2011, named as defendants her travel agent, Prasad Gundumogula, the travel agency, Sheen Travel, and Does 1-10 for breach of contract, fraud and unfair business practice. (ECF No. 1-2 at 2-8.)

On February 5, 2013, plaintiff filed a first amended complaint naming Emirates Airlines as a defendant. (ECF No. 1-1.) Claim 1 asserts unfair business practice against defendants Emirates, Gundumogula and Sheen Travel under California Business & Professional Code § 17200. Claim 2 asserts fraud, deceit and/or misrepresentation against the same defendants under California Business & Professional Code § 17200. On March 6, 2013, plaintiff's first amended complaint was served on Emirates. (ECF No. 1-1 at 2.)

Emirates removed the action to federal court on April 5, 2013 under the Foreign Sovereign Immunities Act and federal question jurisdiction. (ECF No. 1.) Emirates then filed a motion to dismiss based on plaintiff's failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) asserting that plaintiff's claims are preempted by the Airline Deregulation Act of 1978 ("ADA"). 49 U.S.C. § 41713. (ECF No. 5.)

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

/////

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).[1]

I.  Preemption of California Unfair Competition Law by the Airline Deregulation Act.

In her first amended complaint plaintiff asserts two claims against defendant Emirates under the Unfair Competition Law ("UCL"), California Business & Professional Code § 17200. (ECF No. 1-1 at 9-12.) Plaintiff alleges defendant engaged in unfair business practice as well as fraud, deceit and/or misrepresentation. Defendant contends plaintiff's claims are barred under the ADA which contains an express preemption provision providing that a State "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation…" 49 U.S.C. § 41713. The Ninth Circuit has held that the ADA applies to both foreign as well as domestic air carriers. In re Korean Air Lines Co., Ltd., 642 F.3d 685, 693 (9th Cir. 2011).

"[F]or a claim to be preempted by the ADA, two things must be true: (1) the claim must derive from the enactment or enforcement of state law, and (2) the claim must relate to airline rates, routes, or services, either by expressly referring to them or by having a significant economic effect upon them." Chrissafis v. Cont'l Airlines, Inc., 940 F. Supp. 1292, 1297 (N.D. Ill. 1996), citing Travel All Over World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1432 (7th Cir.1996). The Supreme Court has ruled that the ADA preempts state unfair business practice statutes. See American Airlines, Inc. v. Wolens, 513 U.S. 219, 228, (1995) (dismissed injunction based on state fraud and deceptive business practice law, but upheld and remanded claims for damages under breach of contract); Morales v. Trans World Airlines, Inc., 504 U.S. 374, 388-389 (1992) (affirmed injunction preventing state attorneys general from enforcing state deceptive practices laws against airlines' advertising).

---

[1] Defendant's motion to dismiss is considered only in light of the pleadings. However, the court has considered defendant's declaration of "Emirates Conditions of Carriage for Passengers and Baggage" (see ECF No. 24) in determining whether amendment would be futile. Plaintiff was afforded an opportunity to file a surreply to this filing and did so on July 17, 2013. ECF No. 29.

More recently, courts in New York and California have refined the test for determining preemption and concluded the same. In Fitz-Gerald v. SkyWest Airlines, Inc., a California appellate court specifically found the UCL preempted by the ADA and upheld a summary judgment based in part on dismissal of a claim for relief under California Business & Professional Code § 17200. Fitz-Gerald v. SkyWest Airlines, Inc., 155 Cal. App. 4th 411, 423 (2007). In In re Jetblue Airways Corp. Privacy Litig., the New York General Business Law and other consumer protection statutes were found to be preempted by the ADA because "the complained-of conduct did occur in the course of the provision of the service of reservations and ticket sales." In re Jetblue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299, 316 (E.D.N.Y. 2005).

Here, plaintiff asserts claims based on the UCL, which has been preempted by the ADA. Plaintiff's assertion that the refund policy of defendant Emirates does not relate to "price, route, or service" is ill-founded. (ECF No. 15 at 29:19.) Provisions relating to refund policy and fee-waivers are part of the reservations and ticketing process which the New York District Court in Jetblue persuasively labels as a service. In re Jetblue Airways Corp., 379 F. Supp. at 316. Unfair business practice laws, such as the UCL, have consistently been found preempted by the ADA. Therefore, as presented, the pleadings are preempted and should be dismissed.

II.     Leave to Amend Complaint

At the hearing on this matter, plaintiff requested leave to amend the complaint.[2] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff seeks to amend her first amended complaint by adding two claims against Emirates. (ECF No. 22-1.) In claim 1, plaintiff would assert that Emirates breached its own self-imposed undertakings by violating its refund waiver policy. In claim 2, plaintiff would assert that Emirates was unjustly enriched by not waiving a refund penalty as set out in its terms and conditions. Emirates asserts that granting leave to amend would be futile because any claims

/////

---

[2] Plaintiff also has filed a motion to amend the complaint. ECF No. 22.

by plaintiff are time-barred in that they were filed more than two years from the date of the flight in question. (ECF No. 19 at 2:27-28.)

Defendant Emirates argues that plaintiff's proposed claims are time-barred by the incorporated terms in "Emirates Conditions of Carriage for Passengers and Baggage" at 16.3 and therefore amendment would be futile. 14 C.F.R. § 253.5 allows air carriers to include limits on liability in their incorporated terms. 14 C.F.R. § 253.5(b)(1). Article 16.3 of the May 15, 2006 incorporated terms states:

> You will have no right to compensation for any Damage if an action is not brought within 2 years of the date of your arrival at the place of destination, or the date on which the aircraft was scheduled to arrive, or the date on which the carriage stopped.

(ECF No. 24 at 39-40.) This type of limiting term governs, notwithstanding any longer statutory period granted under state law. See Miller v. Delta Air Lines, Inc., 2012 U.S. Dist. LEXIS 48294, 8-10 (S.D. Fla. 2012) (dismissing action as time-barred under the one-year limitation period set forth in airline's contract of carriage, notwithstanding longer limitations period under state law); Henderson v. Airtran Airways, Inc., 2010 U.S. Dist. LEXIS 110201, 14-16 (S.D. Ind. 2010) (same); Sousa v. Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan, 252 F Supp. 2d 1046, 1055 (E.D. Cal 2002) (three-year contractual limitations period enforced and summary judgment granted notwithstanding longer period applicable under California statute of limitations).

Plaintiff's first complaint naming Emirates was filed on February 5, 2013. Although the statute of limitations in California on a written contract is four years under California Code of Civil Procedure § 337, the two year limitation set forth in the conditions of carriage governs this action. ECF No. 24 at 2:4-5 ("Emirates Conditions of Carriage for Passengers and Baggage" at 16.3 published May 15, 2006 were in effect when the contract was formed.) The flight in question was scheduled to arrive on November 13, 2009. (ECF No. 19 at 3:22.) The

/////
/////
/////

two-year limitation had therefore expired before plaintiff filed a complaint against Emirates.[3] Because amendment would be futile, this defendant should be dismissed with prejudice.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of August 21, 2013 on plaintiff's motion to amend is vacated;

2. Plaintiff's motion to amend (ECF No. 22) is denied as moot; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be granted; and

2. Defendant Emirates be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

JL/4 banga667.57

---

[3] While Plaintiff asserted a breach of contract claim against Does 1-10 in her initial complaint, she may not avail herself of a Doe pleading under Cal. Civ. Proc. Code § 474 with respect to Emirates.  Doe pleading is permissible only where there is a true lack of knowledge of the name of a potential defendant.  Munoz v. Purdy, 91 Cal. App. 3d 942, 947 (1979).  Here, plaintiff knew Emirates' name and involvement when she filed her initial complaint on October 12, 2011.  It is therefore impermissible for her to relate back any proposed amended claims for breach of contract by Emirates to that initial filing date.

[4] Because the court will recommend that dismissal be with prejudice, the court will vacate the hearing on plaintiff's motion to amend (ECF No. 22) and deny the motion as moot.