UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMLESH BANGA,<br><br>                Plaintiff,<br><br>     v.<br><br>GUNDUMOLGULA, et al.,<br><br>                Defendants. | No.  2:13-cv-0667 MCD CKD PS<br><br><br>ORDER |

Plaintiff filed the above-entitled action.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c).

On July 19, 2013, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  In those findings, the magistrate judge found that plaintiff's claims were preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA").  While plaintiff sought leave to amend to add two additional claims against Emirates (for violating its own refund waiver policy and for not waiving a refund penalty, respectively), the magistrate judge determined that those claims were barred in any event because they were not brought within two years of the November 13, 2009 date of scheduled arrival as required by Emirates' Conditions of Carriage for Passengers and Baggage.

///

Objections to the magistrate judge's findings and recommendations have been filed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 19, 2013 are adopted in full;

2. Defendant's motion to dismiss (ECF No. 5) is granted; and

3. Defendant Emirates Airlines is dismissed with prejudice.

Date: September 10, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff for the first time raises an argument in her Objections that the Emirates failed to provide adequate notice of its Conditions of Carriage such that the two-year limitations period for bringing an action could be enforced.  As set forth in a prior decision by the undersigned, the Court has discretion to decline to consider arguments not raised before the magistrate judge, particularly where, as here, the pro se plaintiff's arguments are otherwise reasonably sophisticated as demonstrated by the pleadings.  See <u>Ali v. County of Sacramento</u>, 2009 WL 3460684 at *1 (E.D. Cal, 2009); <u>see also</u> <u>U.S. v. Howell</u>, 231 F.3d 615, 621-22 (9th Cir. 2000).  At any rate, even if the Court were to consider the plaintiff's tardily advanced claims, her new arguments still relate to Emirates' customer service and the price of air transportation are therefore still preempted by the ADA.  See, e.g., <u>Hickcox-Huffman v. U.S. Airways, Inc</u>., 788 F. Supp. 2d 1036, 1041 (N.D. Cal. 2011) (dismissing as preempted plaintiff's claims that U.S. Airways breached its own self-imposed undertaking by denying a refund of fees charged to plaintiff).